CHARLES BOSTWICK, AS ASSIGNEE, ETC., APPELLANT, v.
GEORGE M. BURNETT, RESPONDENT.

*General assignment — with preferences — void per se under bankrupt act.*

A general assignment, giving a preference to certain creditors, and made in con
templation of insolvency, is void *per se* under the bankrupt act.
*Thrasher* v. *Bentley* (59 N. Y., 649) distinguished.

APPEAL from a judgment in favor of the defendant, entered upon a dismissal of the complaint.

This action was brought by the plaintiff as assignee of one Woolven, for the conversion of two cows taken by the defendant under an execution issued against the property of the assignor. The defendant claimed that the assignment was void.

*Anthony & Losey*, for the appellant.

*G. & G. H. Williams*, for the respondent.

BARNARD, P. J.:

The assignment made by Jeremiah Woolven to the plaintiff, was one by which the assignor gave preference to certain of his creditors in the order of payment out of the assigned property. It was a general assignment of all the property of the assignor, and was made in view of insolvency as declared therein. Such an assignment is declared to be void by the bankrupt act of the United States. The object of that act was to provide for a ratable, just and equitable distribution of the debtor's estate among all his creditors. No preferences are permitted by it.

The Court of Appeals has decided that where the debtor has not been proceeded against or taken any proceedings in the bankrupt court, an assignment for the benefit of creditors by an insolvent debtor "which gives no preference" to any creditor, is not an instrument void *per se*. (*Thrasher* v. *Bentley*, 59 N. Y., 649.)

In a later case, the Court of Appeals say : " The act was aimed at fraud, and to prevent preferences, and when neither of these are apparent, there is no ground for claiming that an equitable distribution of the insolvent's estate is in violation of the law." (*Haas, Assignee,* v. *O'Brien,* opinion by MILLER, J.)

The instrument under which the plaintiff claims title being void, by the provisions of the bankrupt act the plaintiff cannot sustain his claim to the title of the property in question, by or under it. The judgment should therefore be affirmed, with costs.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.